**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| CHARLES BRENTNELL,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendant. | Case No. |

**COMPLAINT**

NOW COMES Plaintiff, CHARLES BRENTNELL ("Plaintiff"), by and through his attorneys, hereby alleging the following against Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX" or "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Greenville County, in the City of Piedmont, in the State of South Carolina.

3. At all times relevant, Plaintiff was a "consumer," as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant EQUIFAX is a company headquartered in Atlanta, Georgia.

5. Defendant EQUIFAX is a "person," as that term is defined by a consumer reporting agency, as that term is defined 15 U.S.C. § 1681a(b).

6. Defendant EQUIFAX is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

7. Defendant EQUIFAX furnishes such consumer reports to third parties under contract for monetary compensation.

8. Defendant EQUIFAX is a "consumer reporting agency" ("CRAs"), as that term is described in 15 U.S.C. § 1681a(f).

9. At all times relevant to this Complaint, Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Jurisdiction and Venue

10. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides within this District, and a substantial part of the events or omissions giving rise to the herein claims occurred within this District. Under 28 U.S.C. § 1391(d), since Defendant's principal place of business is within a State with more than one judicial district, Defendant will be deemed to be a resident of any district of this State, as Defendant has contacts sufficient to subject it to personal jurisdiction in each district of this State.

**Facts**

12. Plaintiff is a consumer who is the victim of inaccurate reporting by EQUIFAX regarding a credit account that he had with Capital One Bank, N.A., ("CAP ONE"), settled with CAP ONE, and paid to CAP ONE.

13. CRAs, including EQUIFAX, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

14. Further, CRAs have a duty to conduct a reasonable investigation when notified of disputed information found on a consumer credit report.

15. Further, Furnishers (persons, as that term is defined by 15 U.S.C. 1681a, that furnish information to the CRAs) are prohibited from furnishing information they know or should know is inaccurate.

16. Here, Plaintiff is a victim of inaccurate reporting regarding the account he had with CAP ONE, an inaccuracy found in the credit report published by Defendant. The following is a description of the inaccuracy and failures of Defendant to investigate and update its reporting of the account in question:

17. On or around October 12, 2024, Plaintiff and Capital One settled the account ending in 1148 (the “Account”) for $1,886.68.

18. Per the terms of the settlement agreement, in order to accept the offer Plaintiff was to make the first payment of $50.00 by November 12, 2024, and subsequent payments were to be made afterwards until the settled amount was satisfied, with the planned end date of October 12, 2026.

19. Starting November 7, 2024, Plaintiff made eight (8) payments of $188.67, until June 9, 2025, and then made two (2) payments of $188.66, with the last and final payment on August 7, 2025, fully satisfying the settlement agreement and Account.

20. On or around April, 2026, Plaintiff received a copy of his credit report from EQUIFAX.

21. To his surprise, despite Plaintiff's performance under the terms of the respective settlement agreements with CAP ONE, Defendant EQUIFAX reported inaccurate information regarding the CAP ONE account.

22. Specifically, EQUIFAX reported the Account as having a balance of $1,673.00, reported the account's status as "Charge-off," and failed to report any payments made towards the account. Further, the report failed to include an accurate history of the payments Plaintiff made to settle the account.

23. EQUIFAX's failure to report the account correctly, including its failure to report the accurate status, balance, and payment history of the account, harmed Plaintiff's credit score and would, at the least, mislead any third-party reviewing Plaintiff's credit history.

24. On June 24, 2026, Plaintiff issued a dispute by mail to EQUIFAX regarding the incorrect information being reported on the account.

25. In his dispute letter, Plaintiff disputed the incorrect entry in his credit report regarding the account's status, balance, and the inaccurate payment history of the account that improperly reflect his settlement payments. Plaintiff also included proof of the agreement between himself and CAP ONE and proof of the payments made in satisfaction of the agreement.

26. Upon information and belief, pursuant to its obligations under the FCRA, EQUIFAX notified CAP ONE of Plaintiff's dispute within five days of receipt of the dispute.

27. Further, upon information and belief, EQUIFAX would have sent the documentation Plaintiff included in his dispute letter to CAP ONE, including the terms of the settlement and proof of the payments.

28. Despite his very specific dispute and accompanying documents supporting his dispute, EQUIFAX's second and third report, received by Plaintiff on June and August 2026, reiterated the same inaccuracy regarding the account. This credit report continued to report the account with no change in the account's status or the reported payment history. Additionally, the credit report still continued to report the outstanding balance of $1,673.00.

29. At the time of filing this complaint, EQUIFAX continues to report the account inaccurately, and inaccurately reports the payment history of the account.

30. Upon information and belief, EQUIFAX continues to report this information because of its failure to conduct a reasonable investigation, including a failure to consider the documentation Plaintiff included in his dispute letter.

31. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the account, EQUIFAX is required to follow reasonable procedures

to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

32. If EQUIFAX had complied with its statutory duties, incorrect information concerning the account would not have been reported despite notice from Plaintiff.

33. As a result of this conduct and action and inaction of Defendant, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit and suffered mental and emotional distress.

34. Further, Plaintiff has been hesitant to apply for any new credit until this inaccuracy is resolved.

35. Because of his concern over the effects Defendant's misreporting has had on his credit, Plaintiff has been unable to apply for or obtain financing to purchase a car or house, despite the fact that Plaintiff has had the financial means to do both.

**COUNT I – EQUIFAX**
**Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)**

36. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

37. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

38. EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that EQUIFAX published and maintained concerning Plaintiff.

39. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

40. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant EQUIFAX liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

41. In the alternative, EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

42. Plaintiff is entitled to recover costs and attorneys' fees from EQUIFAX, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EQUIFAX
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

43. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-35.

44. After receiving Plaintiff's dispute, EQUIFAX failed to correct the false information regarding the account reporting on Plaintiff's consumer report.

45. Defendant EQUIFAX violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

46. As a result of this conduct, action, and inaction of EQUIFAX, Plaintiff suffered damages and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47. EQUIFAX's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

48. In the alternative, Defendant EQUIFAX was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

49. Plaintiff is entitled to recover costs and attorneys' fees from Defendant EQUIFAX pursuant to 15 U.S.C. §1681n and/or §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: 08/27/2026

Respectfully submitted,

*/s/ Mark Carey*
Mark Carey
Law Offices of Mark A. Carey, P.C.

5600 Roswell Rd. Ste., Bldg. C
Sandy Springs, GA 30342
P: (716) 853-9243
E: markcareylaw@ymail.com
Attorneys for Plaintiff,
CHARLES BRENTNELL